**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CRAIG L. JOHNSON,**

                             **Plaintiff,**

   vs.                                                       **9:01-CV-1907**
                                                                   **(MAD)**

**KEVIN TOFFEY[1], KEVIN READY,**
**and MARK VAN GARDEREN,**

                             **Defendants.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

TULLY, RINCKEY, PLLC                 Michael W. Macomber, Esq.
441 New Karner Road
Albany, New York 12205
*Attorneys for Plaintiff*

REHFUSS, LIGUORI & ASSOCIATES, P.C.   Stephen J. Rehfuss, Esq.
40 British American Boulevard
Latham, New York 12110
*Attorneys for Defendants*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

    Presently before the Court is defendants' motion for reconsideration (Dkt. No. 162) of United States District Judge Charles Bruno Kornmann's October 19, 2010 Order Adopting in Part Report and Recommendation. (Dkt. No. 127). Plaintiff opposes defendants' motion. (Dkt. No. 164). The trial of this action is scheduled to commence on September 20, 2011. (Dkt. No. 159).

---

[1] The docket and caption contain the incorrect spelling of defendant's name. The correct spelling is "Kevin Tuffey" not "Kevin Toffey". (Dkt. No. 122). The Court shall refer to defendant accordingly.

**II.     PROCEDURAL BACKGROUND**[2]

On December 14, 2001, plaintiff appeared *pro se* and filed a Summons and Complaint alleging three causes of action against defendants Kevin Reedy ("Reedy") and Mark Van Garderen ("Van Garderen"). Plaintiff claimed that: (1) defendants used excessive force; (2) defendants denied plaintiff medical attention and; (3) defendants actions constituted the malicious use and wanton infliction of pain. On July 30, 2002, plaintiff, through counsel, filed an Amended Complaint asserting a fourth and fifth cause of action against two additional defendants: Gerald Jennings ("Jennings") and Kevin Tuffey ("Tuffey").

On October 29, 2003, defendants filed a motion for summary judgment seeking dismissal of plaintiff's fourth and fifth causes of action. On September 7, 2004, United States Magistrate Judge Gustave DiBianco issued a Report and Recommendation granting defendants' motion for summary judgment dismissing the amended complaint against Jennings, in its entirety and dismissing the claim of denial of medical care against Tuffey. (Dkt. No. 68). Magistrate Judge DiBianco construed plaintiff's denial of medical care and excessive force causes of action as *Monell* claims against Jennings and Tuffey:

> "It appears that plaintiff is attempting to include these two defendants in their official capacities as agents of the City of Albany since plaintiff also claims that the City of Albany" has "conspired" to cover up the "illegal tactics" of the police officers by the "city's" alleged destruction of the booking area videotapes from the night of plaintiff's arrest. However, because it is unclear what plaintiff is attempting to claim, and he could be attempting to sue the supervisory defendants in their individual capacities as well, the court will analyze both types of claims".

In September 2004, both parties filed objections to the Report and Recommendation. (Dkt. Nos. 69, 73). In March 2005, Attorney Louis-Jack Pozner entered an appearance on behalf

---

[2] The factual background was fully set forth in prior Memorandum-Decision and Orders and will not be repeated herein.

2

of plaintiff.  In May 2005, counsel for the parties executed a Stipulation Discontinuing the Action.  The Stipulation, which was "So Ordered" by United States District Judge Gary L. Sharpe on May 26, 2005, provided:

> . . . the same hereby is discontinued with prejudice, as to the Fourth and Fifth causes of action only, in plaintiff's Amended Complaint dated July 30, 2002 and sworn to on October 1, 2003."

On June 20, 2005, the Court held a telephone conference regarding the Report and Recommendation.  After the conference, the Court issued a Minute Entry that included the following language:  "Attorneys discuss stipulation filed that resolved the report-recommendation on the motion for summary judgment".

On April 24, 2006, Attorney Pozner moved to withdraw as plaintiff's counsel.[3]  The motion papers included a March 18, 2006 letter from plaintiff to Attorney Pozner in which plaintiff indicated that Attorney Pozner executed the Stipulation of Discontinuance without plaintiff's express authority.[4]  On May 16, 2006, plaintiff filed an Affidavit in response to counsel's motion to withdraw stating that counsel was aware that, "I was against dismissing [Mayor Jennings and the Chief of Police]".  (Dkt. No. 85).  On July 12, 2006, Attorney Pozner's motion was granted and plaintiff elected to proceed *pro se*.  (Dkt. No. 91).

On April 23, 2008, Judge DiBianco held a telephone conference.  Plaintiff claimed that he did not consent to the Stipulation as signed by prior counsel.  The docket contains a "Minute Entry for proceedings held before Magistrate Judge Gustave J. DiBianco".  The entry reads, "[t]here are some issues over witnesses and a stipulation dismissing two defendants.  Plaintiff

---

[3] There are no docket entries from June 2005 until March 2006. In March 2006, Attorney Pozner attempted to move to withdraw as counsel but the motion was denied for failure to comply with the Court's Local Rules. (Dkt. No. 79).

[4] Plaintiff wrote, ". . . you also violated my rights by dismissing Mayor Jennings from my claim without ever consulting with me".  (Dkt. No. 81).

3

claims that he did not 'consent' to the stipulation". Due to the fact that plaintiff was incarcerated, the case was removed from the active docket.

On September 7, 2010, the case was re-assigned to Judge Kornmann for all further proceedings and trial. Judge Kornmann conducted a *de novo* review of the file and asked plaintiff and defendants to clarify some "loose ends". On September 17, 2010, defendants provided the Court with a letter brief and presented the following argument:

> It has always been the defendants' position that the plaintiff's Amended Complaint is that the Fourth and Fifth Causes of Action were the only causes of action against Mayor Jennings and Chief Tuffey. Specifically, neither Mayor Jennings nor Chief Tuffey are mentioned in the First, Second or Third Causes of Action as participating in, or being aware of, the alleged excessive force, deliberate indifference to plaintiff's medical needs, or cruel and unusual punishment. The Report and Recommendation does not state anything to the contrary, but rather bases its analysis of the alleged failures to protect the plaintiff within the Fourth and Fifth Causes of Action as being based upon the first three causes of action. Further, no cause of action for municipal liability was pled in the Amended Complaint. Moreover, an experienced attorney drafted the Amended Complaint. Accordingly, it is respectfully submitted that there is no reason to liberally construe the pleadings to include Mayor Jennings or Chief Tuffey in these matters based upon the fact that the plaintiff is currently *pro se*.

(Dkt. No. 122).

On October 19, 2010, Judge Kornmann issued an Order and addressed the Stipulation:

> Counsel for the parties entered into a stipulation of dismissal of the claims set forth in the fourth and fifth causes of action on May 25, 2005. The fourth and fifth causes of action were the only claims specifically naming Jennings and Toffey [sic]. A telephone status conference was held on June 20, 2005, and U.S. District Judge Gary L. Sharpe noted that the stipulation resolved the motion for summary judgment and report and recommendation. Judge Sharpe therefore must have concluded that the stipulation amounted to a dismissal of Jennings and Toffey [sic] obviating any need to act upon the report and recommendation on the motion to dismiss all claims against Jennings and Toffey [sic].

4

Judge Kornmann found that the only outstanding issue was whether the excessive force claim should proceed against Tuffey. On that issue, Judge Kornmann "overruled" defendants objections and granted partial summary judgment to Jennings only.

On July 27, 2011, this Court held a telephone conference regarding the status of the matter. At the conclusion of the conference, defense counsel indicated that there were outstanding issues related to trial. The Court directed defense counsel to provide the court with a brief regarding the issues. On August 1, 2011, defense counsel submitted a letter brief and stated, "it is respectfully submitted that the stipulation and Order, 'So Ordered' by Judge Sharpe, discontinuing the action with prejudice as to the Fourth and Fifth Causes of Action in plaintiff's Amended Complaint, were sufficient to discontinue the action as against Mayor Jennings and Police Chief Tuffey". On August 2, 2011, this Court issued an Order advising defendants that if they sought reconsideration of Judge Kornmann's October 19, 2010 Order, a formal motion must be filed. On August 4, 2011, this Court issued a Trial Order setting the trial for September 20, 2011. (Dkt. No. 159).

## III.   DISCUSSION

Defendants move this Court to reconsider Judge Kornmann's Order and to have the Stipulation dismissing the Fourth and Fifth causes of action upheld. Defendants argue that all claims against Tuffey should be dismissed in the entirety as, "the parties intended to discontinue the *Monell* claims against the defendants, Jennings and Tuffey".

Defendants seek relief based upon Rule 60(b) which provides that, upon a motion, made within a reasonable time, a court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect: (2) newly discovered evidence ...; (3) fraud ... misrepresentation, or other

5

>    misconduct of an adverse party; ... (4) the judgment is void; (5) the
>    judgment has been satisfied, released, or discharged ... or (6) any other
>    reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Specifically, defendants move pursuant to Rule 60(b)(6) which provides that the district court may grant relief from a final judgment for "any other reason that justifies relief." *Philips Lighting Co. v. Schneider*, 2010 WL 3959820, at *1 (2d Cir. 2010) (citing *Harris v. U.S.*, 367 F.3d 74, 81 (2d Cir. 2004) ("[A] proper case for Rule 60(b)(6) relief is only one of extraordinary circumstances, or extreme hardship.")); *see also United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) (citations and internal quotation marks omitted) (relief is warranted where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served).

While a motion to reconsider under Rule 60(b)(6) is not subject to the one-year limitation imposed on some motions brought under Rule 60(b), the motion must still be made within a "reasonable time". *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995). The standards for motions to vacate under Rule 60(b) are very similar to those used for motions to reconsider under local district court rules.[5] *See McAnaney v. Astoria Fin. Corp.*, 2008 WL 222524 (E.D.N.Y. 2008) (discussing cases). Relief under Rule 60 is considered "extraordinary judicial relief." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986). For that reason, the standard for granting relief from a final judgment under Rule 60 is very strict, and the motion will generally be denied unless the moving party or parties can show that the court overlooked facts or controlling law that "might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX*

---

[5] The Local Rules of this district also provide for motions to "reconsider." Local Rules N.D.N.Y. 7.1(g). The court notes that the same strict standard applies to a motion to reconsider under the court's local rule. *See Drance v. Citigroup*, 2008 U.S. Dist. LEXIS 15078, *4 (S.D.N.Y. 2008) (discussing motions to vacate under Rule 60 compared to motions to reconsider under Local Rule 3.6 of the Southern District of New York).

*Transp., Inc*., 70 F.3d 255, 257 (2d Cir.1995) (citations omitted).  Motions to reconsider should not be granted if a moving party seeks only to relitigate an issue that has already been fully considered by the court.  *Id.* at 257.  The Second Circuit has warned, that a Rule 60 motion may not be used as a substitute for appeal and that a claim based on legal error alone is inadequate.  *Id*. (citations and internal quotation marks omitted).  *United Airlines, Inc.*, 588 F.3d at 176.  Further, disagreement with the court's ruling or legal judgment is not a basis for reconsideration.  *See Concerned Citizens of Chappaqua v. U.S. Dep't of Transp.*, 2009 WL 1158966, at *2 (S.D.N.Y. 2009); *see also Blake v. Potter*, 2010 WL 4536974, at *1 (S.D.N.Y. 2010).

The Court has reviewed the record and the docket and finds that defendants fail to meet their burden on a motion to reconsideration.  Defendants have been aware of plaintiff's objections to the Stipulation since April 2006 when plaintiff first raised the issue in the context of Attorney Pozner's motion to withdraw. (Dkt. No. 81).  Plaintiff continued to voice his objections to the Stipulation on the record in telephone conferences including the 2008 conference before Judge DiBianco.  In support of the within motion, defendants simply reiterate the same arguments they presented in their September 2010 letter brief to Judge Kornmann.[6]  *See E. Potato Dealers, Inc. v. TNC Packing Corp*., 2009 WL 1706657, at *2 (W.D.N.Y. 2009) (counsel offered no grounds to allow the Court to believe that the "new" information had not been available before briefing was complete on a prior motion to intervene).  Judge Kornmann acknowledged those arguments and concluded, "upon a review of the entire file, I find that the objections of defendant Toffey [sic]

---

[6] Defendants' September 17, 2010 letter to Judge Kornmann contains identical language to that which defendants submit in support of the motion herein:

". . . it is respectfully submitted that the Stipulation and Order, "So Ordered" by Judge Sharpe, discontinuing the action with prejudice as to the Fourth and Fifth Causes of Action in plaintiff's Amended Complaint, were sufficient to discontinue the action as against Mayor Jennings and Police Chief Tuffey."

(Dkt. No. 122, p. 3).

should be overruled". Defendants offer no new evidence or information that could be expected to alter Judge Kornmann's conclusions. Moreover, plaintiff continues to vehemently deny that he consented to the Stipulation or intended to discontinue all claims against Jennings and Tuffey. Defendants do not cite to any errors of law in Judge Kornmann's decision to warrant reconsideration and do not cite to any intervening controlling law that would warrant the need to correct a clear error in Judge Kornmann's opinion.

"Because of the broad scope of Rule 60(b)(6), relief should only be granted where the moving party has demonstrated extraordinary circumstances or hardship". *See Korelis v. Penn. Hotel*, 199 F.3d 1322 (2d Cir. 1999). Nothing in defendants' motion papers establish extraordinary circumstances warranting relief under Rule 60(b)(6). *See Nemaizer*, 793 F.2d at 61.

## IV. CONCLUSION

It is hereby

**ORDERED** that defendants' motion for reconsideration based upon Fed. R. Civ. P. 60(b) (Dkt. No. 162) is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 24, 2011

_____
Mae A. D'Agostino
U.S. District Judge

8