**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CRAIG L. JOHNSON,**

                        **Plaintiff,**

  vs.                                              **9:01-CV-1907**
                                                          **(MAD)**

**KEVIN TUFFEY, Chief of Police, KEVIN REEDY,**
**Police Officer, MARK VANGARDEREN, Police**
**Officer,**

                        **Defendants.**
_____

**APPEARANCES:**                                                 **OF COUNSEL:**

TULLY RINCKEY, PLLC                              Michael W. Macomber, Esq.
441 New Karner Road
Albany, New York 12205
*Attorneys for Plaintiff*

REHFUSS, LIGUORI & ASSOCIATES, P.C.     Stephen J. Rehfuss, Esq.
40 British America Boulevard
Latham, New York 12110
*Attorneys for Defendants*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.  INTRODUCTION

      Familiarity with the facts and procedural history of this matter is assumed based upon the prior Memorandum-Decision and Orders of this Court.  The trial of this action is scheduled to commence on September 20, 2011.  Presently before the Court are defendants' motions *in limine*. Plaintiff has not responded to the motions.

### II. DEFENDANTS' MOTIONS

     **A.**    **Plaintiff's Medical Records Relating to Drug Use and Mental Health**

Defendants seek an Order permitting defendants to introduce medical records demonstrating plaintiff's history of drug abuse and mental health problems. Defendants seek to introduce the following records: (1) Albany Medical Center Hospital Inpatient Psychiatry reports from January 25, 1999 through February 4, 1999; (2) Albany Medical Center Pre-Admission Services report dated March 23, 1999; (3) Albany Medical Center Hospital Inpatient Psychiatry reports from January 30, 2001 through February 2, 2001; (4) Capital Cardiology Associates report dated August 27, 2004; (5) Albany Medical Center reports from October 14, 2005 through October 16, 2005; and (6) plaintiff's November 28, 2001 medical records from Downstate Correctional Facility . Defendants argue that plaintiff has placed his physical and mental condition at issue and thus, the reports are relevant and admissible.

Rule 402 provides that "evidence which is not relevant is not admissible". Relevant evidence has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. However, even if evidence is relevant, it may be excluded if its probative value is outweighed by its potential to unduly prejudice a party. Fed. R. Evid. 403. A plaintiff's past drug use may be admissible with respect to damages and what, if any, were proximately caused by the defendants. *See Fletcher v. City of New York*, 54 F.Supp.2d 328 (S.D.N.Y. 1999).

In his complaint, plaintiff claims that he suffered physical pain and mental anguish. The Court has reviewed the records at issue. The reports contain statements regarding plaintiff's use of cocaine, crack and marijuana and notations relating to plaintiff's mental and emotional issues including his desire to harm himself and others. Upon review, the Court finds that the records contain notations that are arguably irrelevant and potentially prejudicial.

Defendants claim that the records are relevant on the issue of damages only. The Court cautions defendants that any attempt to introduce these records to prove, "action in conformity with character" would be impermissible pursuant to Rule 404(b). Outside the context of trial, the Court is constrained to rule on this issue. However, preliminarily, the Court holds that even if the records are deemed relevant and admissible, should defendants seek to introduce these records, the records must be properly authenticated pursuant to Rule 803(6) and hearsay exceptions. Defendants' motion in this regard may be renewed at trial.

**B.	Criminal Convictions**

Defendants seeks an Order from the Court permitting defendants to impeach plaintiff and plaintiff's witness, Dirck Clark, with evidence of their prior convictions. Specifically, defendants seek to introduce evidence, or elicit testimony regarding: (1) plaintiff's 2001 conviction for 4th degree grand larceny for which he was sentenced to 20 to 40 months; and (2) Clark's conviction for 3rd degree attempted robbery for which he was sentenced to 18 to 36 months.

Rule 609 of the Federal Rules of Evidence vests broad discretion in the Court to admit or exclude evidence of prior convictions. *United States v. Pedroza*, 750 F.2d 187, 202 (2d Cir.1984). Rule 609 provides:

> Rule 609. Impeachment by Evidence of Conviction of Crime
> (a) General rule.  For the purpose of attacking the credibility of a witness,
>
> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
>
> (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the

3

> punishment, if it can be readily determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

Fed. R. Evid. 609(a). The Second Circuit has held:

> The only difference between the two provisions is that evidence of convictions for crimes involving "dishonesty or false statement," whether felonies or misdemeanors, must be admitted under Rule 609(a)(2) as being per se probative of credibility, while district courts, under Rule 609(a)(1), may admit evidence of a witness's felony convictions that do not constitute crimen falsi, subject to balancing pursuant to Rule 403.

*U.S. v. Estrada*, 430 F.3d 606, 615 -616 (2d Cir. 2005)

Rule 609(b) provides time limits for such evidence:

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of conviction or of the release of the witness from confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

Fed. R. Evid. 609(b).

Plaintiff was incarcerated for his conviction until 2003. Thus, Rule 609(b)'s exclusion does not apply. Accordingly, any admission of that conviction, for the purposes of impeachment, is subject to the Rule 403 balancing test. A number of courts have held that stealing is sufficiently related to veracity, *Melino v. Miller*, 2010 WL 3081439, at *6 (N.D.N.Y. 2010) (citations omitted) (the court held that the plaintiff's grand larceny conviction was highly probative of his character for truthfulness), and thus, admissible to impeach the plaintiff's credibility on cross-examination. In this case, plaintiff's credibility is critical because the parties present drastically different versions of the events. Moreover, the probative value of plaintiff's prior conviction is increased given the fact that his conviction for grand larceny occurred two

4

years after the events giving rise to this action. *See Williams v. McCarthy*, 2007 WL 3125314, at *2 (S.D.N.Y. 2007) (convictions that post-date the subject incident are highly probative). Consequently, as the probative value outweighs its prejudicial effect, the Court will permit defendants to introduce evidence of plaintiff's prior conviction limited to the nature of the crime, the date of the conviction and the sentence. No extrinsic evidence will be permitted.

With respect to Clark, he was convicted in 2002 and incarcerated through 2003. For the foregoing reasons, the Court will admit evidence of the conviction for impeachment purposes pursuant to 609(a)(1) subject to the same restrictions.[1]

### C. Records of Civilian Complaints

Plaintiff submitted a proposed exhibit list that includes the following documents: (1) Prior Civilian Complaint filed against Officer Reedy (February 18, 1998): (2) Prior Civilian Complaint filed against Officer Reedy (November 15, 1998); Prior Civilian Complaint filed against Officer VanGarderen (November 5, 1996); (4) Prior Civilian Complaint filed against Officer VanGarderen (June 26, 1997); and (5) Prior Civilian Complaint filed against Officer VanGarderen (August 28, 1998). (Dkt. No. 170). Defendants seek to preclude the aforementioned evidence.

Rule 404(b) provides:

> Other Crimes, Wrongs, or Acts.--Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause

---

[1] Attempted robbery is not *per se* probative of credibility because it is not necessarily a crime involving "dishonesty or false statement" within the meaning of 609(a)(2)". *U.S. v. Hawley*, 554 F.2d 50, 53, n. 7 (2d Cir. 1977).

5

>shown, of the general nature of any such evidence it intends to introduce at trial.

A trial court has broad discretion in decisions relating to intrinsic acts. *Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2d Cir. 1991). The court shall exclude such evidence if it is offered to establish that a defendant acted in conformity with the acts alleged in the civilian complaints. *See Hiep v. Clark*, 1996 WL 509669, at *1 (S.D.N.Y. 1996) (the plaintiff's attorney stated during the motion hearing that the evidence was being offered to demonstrate a "continuing pattern"). Attempts to offer prior complaints to show "aggravated state of mind" are expressly prohibited by Rule 404(b). *Berkovich*, 922 F.2d at 1022. While a plaintiff may introduce the evidence to establish a pattern of conduct, the acts must share "unusual characteristics" or represent a "unique scheme" with the act charged. *Id*. The proffering party must show more than "mere repeated commission of crimes of the same class". *Stephen v. Hanley*, 2009 WL 1471180, at *10-14 (E.D.N.Y. 2009). "The device used must be so unusual and distinctive as to be like a signature". *Wallace v. Hano*, 1992 WL 230139, at *7 (S.D.N.Y. 1992) (quoting *U.S. v. Benedetto*, 571 F.2d 1246, 1249 (2d Cir. 1978)). When determining whether the "pattern of conduct" argument will suffice under Rule 404(b), the court must address the probative value and possible prejudicial effect of such evidence pursuant to Rule 403. *Id*. If a defendant is exonerated of charges, the probative value is lessened. *Berkovich*, 922 F.2d at 1022.

Here, plaintiff has not responded to defendants' motion to preclude and has not proffered any explanation or argument relating to the admissibility of these complaints. The Court has been provided with copies of the complaints for an *in camera* inspection.[2]

**1.     Complaints Against Officer Reedy**

---

[2] On September 14, 2011, the Court requested that counsel for defendants provide copies of the complaints at issue.

The February 1998 complaint was filed by a pedestrian who was allegedly confronted by Officer Reedy and placed in the police vehicle. He claims that the officer, "pulled on him for no reason" and was talking "about doing violent things to me". The complainant alleged that Reedy threatened to "slam his [] head into the shield that separates the prisoners from officers" and pulled on his ear. While the complaint involves the alleged excessive use of force, it contains no, "evidence of particular plan, scheme or similarity connecting them to the particular conduct alleged in the complaint." *Valenzuela v. Abate*, 1996 WL 22373, at *3 (S.D.N.Y. 1996) (absent that connection, the Court can only infer that the evidence will be used for the improper purpose of attempting to prove propensity to engage in unlawful uses of force against inmates).[3] The alleged use of force on the complainant was different from the force alleged in the present action and thus, does not constitute a plan or unique device. *See Wallace*, 1992 WL 230139, at *7 ("threatening arrest is hardly an uncommon event for a law enforcement officer; and although the decision physically to touch the arm of a citizen who is questioning your authority might demonstrate poor judgment, we can not say that it represents the type of modus operandi contemplated by Rule 404(b)"). Moreover, the complaint was filed one year prior to the incident at hand, limiting the probative value of the report. *See id.* (the eight and fourteen month gap between the complaint and event created a "temporal dislocation").

The November 1999 complaint does not identify Officer Reedy and thus, the document is inadmissible. *See Stephan*, 2009 WL 1471180, at *13.

The Court holds that the aforementioned prior complaints do not include details of conduct sufficiently similar to the facts at hand to warrant admission at trial.

---

[3] Defendants claim Reedy was "exonerated" of all charges arising from this complaint. However, the record contains no such evidence. Indeed, the record does not indicate whether any of the complaints were found to be credible.

7

**2.     Complaints against Officer VanGarderen**

The November 5, 1996 complaint alleges that on October 16, 1996 at 10:51 p.m., Officer VanGarderen got into the back of the "paddy wagon" and pushed the complainant down on his left side and struck his rib cage.  In the June 1997 report, the complainant claims that after he came out of a building with a "hooker", he was placed under arrest.  While he was handcuffed, Officer VanGarderen allegedly kicked his legs out from underneath him and started kicking his head, chest and groin.  The officer allegedly dislocated his shoulder and slammed his head into the cement.  The August 28, 1998 complaint is vague and includes no details regarding location or any of the circumstances surrounding the incident.  The complaint alleges that VanGarderen grabbed the complainant, strangled her for "ten minutes" and threw her against the car breaking her ribs and bruising her shoulder and neck.

Upon review, the Court holds that the November 5, 1996 and June 25, 1997 reports are too remote in time to be considered probative in this matter.  Moreover, the November 1996 incident allegedly occurred inside a police vehicle while the incident at hand occurred in the street.  The prior complaints contain no allegation of racial bias or foul language and involved the alleged use of different force, different alleged injuries and varying locations and circumstances.

Based upon the aforementioned, the incidents are not "so unusual and distinctive" and do not allege the use of force sufficient to constitute a pattern of evidence.  Accordingly, defendants' motion in this regard is GRANTED.

**D.     Admissibility of Plaintiff's Hospital Records**

Defendants seek to preclude statements in plaintiff's hospital records that refer to his alleged assault as hearsay.  Generally, statements made for the purposes of medical diagnosis or

8

treatment, including medical history, and a description of symptoms and pain, are admissible under the exception to the hearsay rule set forth in Rule 803(4) of the Federal Rules of Evidence. *Turner v. White*, 443 F.Supp.2d 288, 297 (E.D.N.Y. 2005).   When the physician relies on the statement in formulating his opinion and treatment plan, then such statements are generally admissible. *See O'Gee v. Dobbs Houses, Inc.*, 570 F.2d 1084, 1089 (2d Cir.1978).  Statements made relating to cause are admissible. *McCollum v. McDaniel*, 32 F. App'x 49, 55 (7th Cir. 2002) (a natural question from a doctor would be how the plaintiff received injuries and thus, a statement of cause is consistent with promoting treatment).  However, statements related to fault are inadmissible. *Id*.  Statements referencing assault support an inference of cause more than fault and are consistent with the purposes of providing treatment and are properly admitted. *Id*. (the plaintiff's natural answer to how injuries were sustained would not be "an incident" or "trauma"). When analyzing statements in medical records, the Court should consider whether the statements to doctors are consistent with the plaintiff's testimony throughout the case. *Id*.  So long as the identity of the perpetrator is not disclosed, "a patient's statement describing how an injury occurred is pertinent to a physician's diagnosis and treatment." *U.S. v. Gabe*, 237 F.3d 954, 957-58 (8th Cir. 2001).

Here, defendants seek to preclude a portion of a report generated at Albany Medical Center Emergency Department wherein the attending physician wrote, "Pt states @ 2230 he was "assaulted by APD", "states he was beaten".  The statements were made on March 13, 1999, the day after the alleged incident and thus, were sufficiently contemporaneous in time.  The statements indicate plaintiff was "assaulted" and describe the "general character of the cause of his injuries".   *See Sanders v. Ritz-Carlton Hotel Co., LLC*, 2008 WL 4155635, at *2 (S.D.N.Y. 2008) (references to having "tripped" or "slipped" in hospital records were properly admitted as

"[i]t was logical for [the plaintiff's] treating physicians at the [] emergency room to inquire as to how [the plaintiff] received his injuries, and such information was medically relevant to [the plaintiff's] treatment and diagnosis"). Accordingly, that portion of plaintiff's statement is admissible. However, the statement that he was "beaten by the APD" goes to fault and thus, this portion of the statement is inadmissible. *See U.S. v. Darden*, 186 F. App'x 887, 890 (11th Cir. 2006). Accordingly, defendants' motion to preclude is granted in part and denied in part.

### E. Jury Charges

Defendants seek one jury charge for the claims of excessive force and state law battery. Excessive force claims under Section 1983 and assault and battery claims under New York law are identical. *Brown v. Starrett City Assoc.*, 2011 WL 2728468, at *1 (E.D.N.Y. 2011) (citing *Humphrey v. Landers*, 344 F. App'x 686, 688 (2d Cir. 2009)). Thus, the court may take measures to simplify the jury charge. *Id*. The Court has received the parties' proposed Requests to Charge and will conduct a charge conference at the appropriate time.

## III. CONCLUSION

Accordingly, it is hereby

**ORDERED** that defendants' motions *in limine* (Dkt. No. 147) are granted in part and denied in part.

**IT IS SO ORDERED.**

Dated: September 15, 2011

Mae A. D'Agostino
U.S. District Judge

10